**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 96-4300

LEROY CLAYTON, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-95-232)

Submitted: December 19, 1996

Decided: January 6, 1997

Before ERVIN and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Timika Shafeek, Assistant United States Attorney, Greens-
boro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Leroy Clayton, Jr., was convicted by a jury of aiding and abetting the robbery of a post office, 18 U.S.C.A. § 2114 (West Supp. 1996), 18 U.S.C. § 2 (1994). He appeals his 78-month sentence, arguing that the district court erred in enhancing his sentence for use of a dangerous weapon. USSG § 2B3.1(b)(2)(D).* We affirm.

Clayton's co-defendant, Lester Winstead, entered the post office while Clayton waited in the car. Winstead carried an object covered with a towel. He pointed it at the clerk and said,"I have a gun; I want the money." When the clerk opened the cash drawer and began taking out money, Winstead leaned over the counter and poked the clerk with the object as he began grabbing bills. The clerk testified at Clayton's trial that she glimpsed part of the object under the towel when Winstead leaned over the counter and that it appeared to her to be a gun barrel. The object carried by Winstead was not recovered. In his statement to police, Clayton first said he did not know what Winstead had carried; later he said it was a drywall hammer.

Winstead and Clayton were charged with robbery of a postal employee with a dangerous weapon. Clayton was tried alone. The jury found him guilty of the lesser included offense of aiding and abetting the robbery of a postal employee. At sentencing, the district court determined that a four-level enhancement was in order because Winstead displayed an object which appeared to be a dangerous weapon. We agree that the enhancement was properly made. Under USSG § 2B3.1(b)(2)(D), a four-level increase is made if a dangerous weapon was used. The term "dangerous weapon" is defined in Application Note 1(d) to USSG § 1B1.1, which directs that when an object

_____

*United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1995).

2

was displayed or brandished which resembled an instrument capable of causing death or serious injury, the object should be treated as a dangerous weapon. Winstead's conduct was attributable to Clayton because it was part of a jointly undertaken criminal activity and was reasonably foreseeable to him. USSG § 1B1.3(a)(1)(B).

Clayton's argument on appeal is that the enhancement should be disallowed because the jury acquitted him of armed robbery and because the government did not prove that a firearm was present. He concedes that acquitted conduct may be the basis for a sentencing enhancement under Fourth Circuit precedent and asks for reconsideration of those decisions. See, e.g., United States v. Hunter, 19 F.3d 895, 897 (4th Cir. 1994). Even if we were so inclined, a panel of this court may not overrule the decision of a prior panel. Brubaker v. City of Richmond, 943 F.2d 1363, 1381-82 (4th Cir. 1991). The government was not required to prove that the object carried was indeed a firearm to obtain the enhancement.

Accordingly, the sentence is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3